## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GORDON WILSON COX,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR040821DV; A127561

159 P3d 352

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals his conviction for felony fourth-degree assault, ORS 163.160(3), arguing that the trial court erred in denying his motion for a judgment of acquittal (MJOA) on that charge. In response, the state concedes that the trial court erred and, particularly, that there was no evidence showing that the assault was "committed in the immediate presence" of defendant's and the victim's infant child. ORS 163.160(3)(c). As explained below, we conclude that that concession is well-founded. Consequently, we reverse and remand for entry of a conviction on the lesser-included offense of misdemeanor fourth-degree assault.

■        In reviewing the denial of an MJOA, we review the evidence in the light most favorable to the state. *State v. Grey*, 175 Or App 235, 237, 28 P3d 1195 (2001), *rev den*, 333 Or 463 (2002). Here, the following material facts are uncontroverted. Defendant was convicted of numerous crimes arising out of a series of events that occurred over several days, primarily involving various assaults on his girlfriend, who was the mother of defendant's infant child. One of those convictions—the only conviction at issue on appeal—was for felony fourth-degree assault, based on an incident in which defendant injured the victim while forcibly cutting her hair. That incident was the basis of Count 4 of the indictment, which alleged:

> "The defendant, on or about October 9, 2004, in Yamhill County, Oregon, did unlawfully and intentionally, knowingly, and/or recklessly cause physical injury to [the victim] by/while cutting her hair and the assault was committed in the immediate presence of, or witnessed by, a child or stepchild of the defendant or victim, or a minor child residing within the residence of the defendant or victim and defendants, and defendant's conduct constituted domestic violence; contrary to statute and against the peace and dignity of the State of Oregon."

Thus, Count 4 alleged a fourth-degree assault that constituted a felony because the assault was *either* "committed in the immediate presence of" *or* was "witnessed by" defendant's and the victim's minor child. ORS 163.160(3)(c).[1]

---

[1] The full statutory text is set out, and addressed, below.

At trial, the uncontroverted evidence showed that, at the time of that assault, defendant and the victim were in the bathroom of their house, and their six-week-old infant was in another room—that is, there was an actual physical separation between the child and the site of the assault. Further, the state presented no evidence that the infant perceived—saw or heard—the assault.[2]

Defendant moved for a judgment of acquittal as to both of the disjunctive felony enhancement elements of "witnessed by" and "committed in the immediate presence of." The court granted the motion as it related to the allegation that the assault was "witnessed by" the infant, given the absence of any evidence that the infant perceived the assault as it occurred. *See* ORS 163.160(4) ("For the purposes of subsection (3) of this section, an assault is witnessed if the assault is seen or directly perceived in any other manner by the child."); *see generally State v. Bivins*, 191 Or App 460, 83 P3d 379 (2004) (applying definition of "witnessed by" in ORS 163.160(4)). However, the trial court denied the MJOA as it related to the alternative allegation that the assault had occurred in the child's "immediate presence." In so ruling, the court apparently accepted the prosecutor's argument that the "committed in the immediate presence" element was satisfied where the victim always had ready "access to the little baby." As noted, the jury subsequently convicted defendant on Count 4.

■■  On appeal, defendant renews his arguments that, on this record, the state failed to prove that the assault occurred in the "immediate presence" of the child. As noted, the state concedes that defendant is correct. Nevertheless, we have an independent obligation to determine whether that concession is well-founded. *See, e.g., State v. Enakiev*, 175 Or App 589, 593 n 4, 29 P3d 1160 (2001) (notwithstanding concession of error, we review propriety of ruling for errors of law).

We begin with ORS 163.160. That statute provides:

"(1)  A person commits the crime of assault in the fourth degree if the person:

---

[2] For example, there was no evidence that the assault involved any sounds associated with distress or violence, or even an audible argument.

"(a) Intentionally, knowingly or recklessly causes physical injury to another; or

"(b) With criminal negligence causes physical injury to another by means of a deadly weapon.

"(2) Assault in the fourth degree is a Class A misdemeanor.

"(3) Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"(a) The person has previously been convicted of assaulting the same victim;

"(b) The person has previously been convicted at least three times under this section or under equivalent laws of another jurisdiction and all of the assaults involved domestic violence, as defined in ORS 135.230; or

"(c) The assault is *committed in the immediate presence of*, **or** *is witnessed by*, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or victim.

"(4) For the purposes of subsection (3) of this section, an assault is witnessed if the assault is seen or directly perceived in any other manner by the child."

(Emphasis and boldface added.)

To determine the legislature's intent with respect to the "committed in the immediate presence" element—as distinct from the alternative, and independently sufficient, "witnessed by" element—we begin by examining the statute's text, giving words of common usage their plain meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). Both "immediate" and "presence" are words of common usage. "Immediate," as used in this context, can mean:

"**1 a:** acting or being without the intervention of another object, cause, or agency : DIRECT, PROXIMATE ‹the ~ cause of death› * * * **4 :** characterized by contiguity : existing without intervening space or substance ‹bring the chemicals into ~ contact very cautiously› ; *broadly* : being near at hand : not far apart or distant ‹hid the money in the ~ neighborhood›[.]"

*Webster's Third New Int'l Dictionary* 1129 (unabridged ed 2002) (italics in original). "Presence," as used in this context, can mean:

> "**1 a:** the fact or condition of being present : the state of being in one place and not elsewhere : the condition of being within sight or call, at hand, or in a place being thought of : the fact of being in company, attendance, or association : the state of being in front of or in the same place as someone or something ‹the ~ of free nitrogen bubbles in the body tissues—H. G. Armstrong› * * * **2 a:** the part of space within one's ken, call, or influence : the vicinity of or the area immediately near one : the place in front of or around a person ‹he came into the ~ of the king› ‹in her ~ he could scarcely speak› ‹removed his hat in the ~ of ladies›[.]"

*Id.* at 1793.

"Immediate" is, of course, an adjective, and connotes a relative, rather than absolute, concept. Its significance can be properly understood only in relation to the term that it modifies. Thus, for example, "immediate," in the broad sense of "not far apart or distant," could, in some usages—*e.g.*, "immediate vicinity"—describe a circumstance in which a person was in a different room, but nearby. Here, however, "immediate" in ORS 163.160(3) modifies *"presence."* The two terms, in mutually reinforcing combination, connote a direct, unobstructed concurrency of space. That is, "the state of being in one place" "without the intervention of another object[.]"

The statutory context corroborates that construction. As noted, ORS 163.160(3)(c) describes two disjunctive "triggers" by which a fourth-degree assault will constitute a felony, rather than a misdemeanor: "committed in the presence of" or "witnessed by." A broad construction of the former, as encompassing any circumstance in which a minor child is nearby, including within the same house, would obviate the need for the latter. That is, there would be no need ever to prove that the child saw or "directly perceived" the assault, ORS 163.160(4), if the child's mere presence in the house would be sufficient to establish the "committed in the immediate presence" alternative. To so construe ORS 163.160(3)(c) would violate our obligation to, "if possible," "give effect to all"

provisions of a statute. ORS 174.010. Rather, by explicitly providing for two disjunctive, alternative "triggers," the legislature manifested its intent that fourth-degree assault constitute a felony in either of two distinct circumstances: (1) the assault occurs in the child's "immediate presence," regardless of whether the child sees or otherwise perceives the assault and (2) the child is physically separated from the assault but, because the child is nearby—presumably, at least within earshot—the child perceives, and thus "witnesses," the assault.

■ In sum, when viewed in context, the only plausible meaning of "in the immediate presence" is that the assault must have occurred in the same, physically unseparated, space where the child was located. Here, as noted, the assault occurred in one room, the bathroom, while the child was located in a separate room, with a wall between the two. Accordingly, defendant's MJOA on Count 4 should have been granted, because the evidence did not support the elevation of the offense from a misdemeanor to a felony pursuant to ORS 163.160(3)(c).

Conviction for felony assault in the fourth degree on Count 4 reversed; remanded for entry of judgment of conviction for misdemeanor assault in the fourth degree on Count 4, and for resentencing; otherwise affirmed.