Submitted July 31, reversed and remanded September 4, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CAMERON THOMAS DUVALL,
*Defendant-Appellant.*

Jackson County Circuit Court
121366DV; A152472

335 P3d 864

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Haselton, Chief Judge, and Garrett, Judge.

HASELTON, C. J.

## HASELTON, C. J.

Defendant, who was convicted of third-degree assault, ORS 163.165, felony fourth-degree assault, ORS 163.160(3)(c), menacing, ORS 163.190, and three counts of reckless endangerment, ORS 163.195, appeals, arguing, *inter alia*, that the trial court erred in (1) failing to instruct the jury on the legal definition of "burglary" as it related to his self-defense defense and (2) denying defendant's motion for judgment of acquittal (MJOA) with respect to the felony enhancement of fourth-degree assault. The state concedes error in both respects, and acknowledges that defendant is entitled to reversal for a new trial on all counts, with any retrial of the fourth-degree assault charge being limited to the misdemeanor variant of that offense. We accept the state's concessions and, accordingly, reverse and remand for a new trial.

The material circumstances for purposes of our review are undisputed. On March 21, 2012, defendant and his wife, Duvall, had an argument, after which Duvall left the couple's home (which defendant owned) and took her children to stay with her father, Gregg. Defendant and Duvall have one child together, A. Duvall also has a child from a previous marriage, D.

On March 23, Duvall and Gregg drove with A and D to defendant's home to retrieve some of Duvall's belongings. After discovering that defendant had changed the locks, Duvall pounded on the door. Defendant, who was inside, told her to go away. Duvall threw a brick through a window, and she and Gregg proceeded to tear down the blinds behind the shattered window pane.

Defendant believed that Duvall and Gregg did not have a right to enter the house, and he feared that they intended to hurt him. Defendant yelled at them to go away and told them that he was armed. When Gregg and Duvall persisted in their attempt to enter the house, defendant fired a single gunshot toward the ground. The bullet entered Gregg's foot. During that scene, D was in the front yard, and A was in Gregg's truck, which was parked 10 to 15 feet from the house.

Shortly after that incident, defendant was arrested. He was later charged, *inter alia*, with assault, unlawful use of a weapon, menacing, and reckless endangering, all in relation to the above-described events. At trial, defendant asserted that a self-defense defense applied to all of the charges against him.[1]

With respect to self-defense, the trial court instructed the jury:

> "The Defendant is not justified in using deadly physical force on another person unless he reasonably believed that the other person was committing or attempting to commit a felony involving the use or a threatened imminent use of physical force against a person, *or was committing or attempting to commit a burglary in a dwelling*."[2]

(Emphasis added.)

Defendant requested that the trial court also instruct the jury regarding the legal definition of "burglary." He argued that, without further explanation, jurors were unlikely to understand what "burglary"—as used in the self-defense instruction—means and, therefore, that instruction is incomplete without an accompanying definition of burglary.[3] Accordingly, defendant requested the following instruction:

---

[1] ORS 161.209 provides the defense of self-defense:

"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense * * *, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

[2] ORS 161.219 provides a limitation on the use of deadly physical force in self-defense:

"Notwithstanding the provisions of ORS 161.209, a person is not justified in using deadly physical force upon another person unless the person reasonably believes that the other person is:

"(1) Committing or attempting to commit a felony involving the use or threatened imminent use of physical force against a person; or

"(2) Committing or attempting to commit a burglary in a dwelling; or

"(3) Using or about to use unlawful deadly physical force against a person."

[3] Defendant also requested a special jury instruction regarding the property rights of married persons in Oregon, which the trial court refused to give. Defendant assigns error to that refusal. We need not and do not reach that assignment of error.

"Oregon law provides that a person commits the crime of burglary in the first degree if the person enters or remains unlawfully in a dwelling with the intent to commit a crime therein."

The trial court refused to give that requested instruction because defendant "was not an attorney and probably didn't know [the legal definition of burglary] at the time [of the incident]." On appeal, the state concedes that the failure to give that requested instruction is reversible error. We accept the state's concession as well founded. The state also properly concedes that that error affects all counts. Accordingly, we reverse all of defendant's convictions and remand for a new trial.

That does not, however, conclude our review. That is so because, in addition to the instructional error, defendant also assigns error to the denial of his MJOA with respect to felony fourth-degree assault (Count 3). If, as defendant contends, there was legally insufficient evidence to establish the felony enhancement of that offense, retrial would necessarily be limited to consideration of misdemeanor fourth-degree assault.

As pertinent here, ORS 163.160 provides, in part, as follows:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; or

"(b) With criminal negligence causes physical injury to another by means of a deadly weapon.

"(2) Assault in the fourth degree is a Class A misdemeanor.

"(3) Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"* * * * *

"(c) The assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's

minor child or stepchild or a minor child residing within the household of the person or victim[.]"

In this case, the indictment (in Count 3) alleged:

"The defendant, on or about March 23, 2012, in Jackson County, Oregon, did unlawfully and recklessly cause physical injury to [Gregg], and the assault was committed in the immediate presence of or witnessed by *defendant's minor child.*"

(Emphasis added.) Thus, the indictment was expressly predicated on "defendant's minor child"—as opposed to "stepchild or a minor child residing within the household of the [defendant]"—being "in the immediate presence of" or "witness[ing]" the assault. At trial, the state elected to argue that the assault was "committed in the immediate presence of, or [was] witnessed by" D, who is defendant's stepchild.

On appeal, defendant contends, and the state concedes, that the trial court erred in denying defendant's MJOA with respect to Count 3, felony fourth-degree assault, because the evidence adduced at trial was insufficient to support a finding that D was defendant's "minor child," ORS 163.160(3)(c), the theory that the state had elected. We accept the state's concession as well founded.

Ordinarily, if the only assignment of error relating to a conviction for felony fourth-degree assault pertained solely to the failure of proof of the felony enhancement, we would remand for entry of a conviction for misdemeanor fourth-degree assault. *See, e.g., State v. Cox,* 212 Or App 637, 639, 159 P3d 352 (2007). Here, however, given our conclusion that the court also committed instructional error affecting the jury's predicate consideration of whether defendant had committed any assault, *see* 265 Or App at 229, we remand for retrial of all counts and as to Count 3, limited to misdemeanor fourth-degree assault.

Reversed and remanded.